FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN -4  AM 11: 20

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 00-0370 |
| v. | ) ) | SECTION "J" |
| UNITED STATES OF AMERICA through THE UNITED STATES COAST GUARD, | ) ) ) ) | MAGISTRATE "4" |
| Defendant. | ) ) | |

## NOTICE OF FILING DECLARATIONS OF
### DUANE R. SMITH, MICHAEL M. ROSECRANS AND FREDERICK W. TUCHER

Defendant. United States of America, herewith gives notice of the filing of the following

Declarations which are attached hereto:

1.    Declaration of Lieutenant Commander Duane R. Smith;

2.    Declaration of Captain Michael M. Rosecrans;

3.    Declaration of Commander Frederick W. Tucher.

Said Declarations are to be considered in connection with the United States'

Memorandum in Opposition to Plaintiff's Motion to Compel Production of Documents, filed

December 26, 2000.  Telefax copies of these Declarations were attached to said Memorandum as

Attachments "3", "4", and "6", respectively.. .

Dated: January  3  , 2001.



Fee_____
Process_____
Dktd_____
CtRmDep_____
Doc.No._____

Respectfully submitted,

DAVID W. OGDEN
Assistant Attorney General

EDDIE J. JORDAN, JR.
United States Attorney

STEVENS E. MOORE
Assistant U.S. Attorney

DAMON C. MILLER
Trial Attorney
U.S. Department of Justice
Torts Branch, Civil Division
P.O. Box 14271
Washington, D.C.  20044-4271
Telephone:  (202) 616-4047

Attorneys for Defendant
United States of America

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Notice of Filing Declarations

was mailed on this the 3rd day of January, 2001, to the following counsel of record:

Henry A. King, Esq.
Michael L. Vincenzo, Esq.
King, LeBlanc & Bland, L.L.P.
201 St. Charles Avenue, Suite 3800
New Orleans, LA  70170

DAMON C. MILLER

-2-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GENERAL ELECTRIC CAPITAL CORP. | ) | |
| | ) | |
| v. | ) | Case No. 00-370R3 |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

DECLARATION

Lieutenant Commander Duane R. Smith, U.S. Coast Guard, hereby declares as follows:

1. I am an attorney and the Chief of the Claims and Litigation Branch, Coast Guard Maintenance and Logistics Command Atlantic, Norfolk, Virginia. I have been assigned to this position since August 2000. As Chief of the Claims and Litigation Branch, I am responsible for the processing of administrative claims, other than contract claims, asserted against the United States pursuant to 33 C.F.R. Part 25. This office processes all tort claims against the Coast Guard, an agency of the United States Department of Transportation, that arise within the Coast Guard Atlantic Area. This region is roughly comprised of the continental United States east of the Rocky Mountains, along with Puerto Rico and the U.S. Virgin Islands.

2. In December 1997, I was an attorney assigned as Claims Settlement Officer, Claims and Litigation Branch, Coast Guard Maintenance and Logistics Command Atlantic, Norfolk, Virginia. On 24 December 1997 I directed an investigation into certain administrative claims made against the Coast Guard regarding the M/V ENERGY VII and the M/V ENERGY XI. (Exhibit A). My purpose for requesting the investigation was to ascertain the facts needed to properly evaluate the pending claims for

1

settlement or litigation. The authority for predicating the investigation was the Coast Guard Claims and Litigation Manual (COMDTINST M5890.0), Chapter 2-A, which requires that "Each incident that results in a claim or is likely to result in a claim shall be promptly investigated and evidence, which may be necessary to prosecute an affirmative claim by the U.S. or defend a claim against the U.S., preserved." Chapter 2-A further provides that "The sole purpose of a claims investigation is to ascertain the facts needed to properly settle a claim or defend or prosecute a lawsuit." (Emphasis added.)

3.  The resulting report was prepared at my request, in contemplation of litigation and to assist attorneys acting on behalf of the United States in representing the interests of the United States in such litigation.


I verify under penalty of perjury, in accordance with 28 U.S.C. Section 1746, that the foregoing is true and correct.

Executed this 21st day of December 2000.


Duane R. Smith
Lieutenant Commander
U.S. Coast Guard

2

*Exhibit A*



**U.S. Department
of Transportation**

**United States
Coast Guard**

Commander
Maintenance & Logistics Command
Atlantic

300 East Main St., Suite 400
Norfolk, VA 23510-9100
Staff Symbol: (lc)
Phone: (757) 628-4197

5890
98-32-LC-0191 & 0248
24 December, 1997

From:   Commander, Maintenance and Logistics Command (lc)
To:     Director, National Maritime Center

Subj:   INVESTIGATION INTO ADMINISTRATIVE CLAIM, FILES 98-32-LC-0191 & 0248

Ref:    (a) 24DEC97 phone call between LCDR Smith (MLCLANT(lc)/CAPT Rosencrans (NMC)
        (b) Coast Guard Claims and Litigation Manual (COMDTINST M5890.9)

1.  As discussed in reference (a), the enclosed claim files are forwarded for a fact finding investigation in accordance with Chapter 2 of reference (b).  The enclosures referenced in the claims files were never received by this office.  Copies have been requested from the claimant and will be made available to your investigating officer upon request.

2.  The claims arise out of the activities of Coast Guard Vessel Documentation Office New Orleans on or about 07 June 1995.  Most of the physical records concerning this incident are kept at the National Vessel Documentation Center.  Ms. Pat Williams, Deputy Manager of the Center, is aware of this claim and will serve as a point of contact.

3.  The principal individual involved is believed to be Mr. Richard A. Sterling.  Mr. Sterling is believed to be currently working at the Regional Exam Center in New Orleans. (Information supplied by Ms. Williams.)

4.  The appointing order and first paragraph of the investigative report should contain the following language:  "This investigation is being conducted and this report is being prepared in contemplation of litigation and to assist attorneys, acting on behalf of the Chief Counsel, representing interests of the United States in this matter."

5.  In complying with the requirements of reference (b), the investigating officer should specifically attempt to determine the facts surrounding the incident and any damage which may be attributable to Coast Guard action or inaction.  Statements of any Coast Guard personnel, preferably unsworn, or their witnesses, photographs of the damage, if available, and incident reports should be enclosed with the letter report.

6.  The completed investigation should be mailed to this office within 45 days of the date of this letter and should reference the USCG claim identification number indicated above.  We request that an advance copy of the investigation be sent to us as soon as possible so that we may begin evaluation of the claim.

7.  If you have any questions, please contact me at the above telephone number.  Please be sure the report references the USCG file number indicated above.

D.  R. SMITH
Claims Settlement Officer

Encl:   (1) Copy of Claim Files 98-32-LC-0191 & 0248

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| GENERAL ELECTRIC CAPITAL CORP. | ) | |
| | ) | |
| v. | ) | Case No. 00-370R3 |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| _____ | ) | |

## DECLARATION

Captain Michael M. Rosecrans, U.S. Coast Guard, hereby declares as follows:

1. I am the Commanding Officer, Marine Safety Office, Jacksonville, Florida. I have been assigned to this position since July, 1999.

2. In December, 1997, I was assigned as the Commanding Officer, National Maritime Center, in Arlington, Virginia.

3. On or about 24 December 1997 I received a request from LCDR Duane Smith, an attorney assigned as Claims Settlement Officer, Claims and Litigation Branch, Coast Guard Maintenance and Logistics Command, Atlantic, Norfolk, Virginia, to perform an investigation into claims made against the Coast Guard regarding the documentation of the M/V ENERGY VII and M/V ENERGY XI.

4. On 31 December 1997 I directed the Coast Guard Investigative Service to perform the investigation, as I was concerned from the allegations of the claim that the Coast Guard was vulnerable to litigation over this incident. The investigation was conducted in accordance with Chapter 2 of the Coast Guard Claims and Litigation Manual, which states in pertinent part:

"The sole purpose of a claims investigation is to ascertain the facts needed to properly settle a claim or defend or prosecute a law suit."

5.   The resulting report was prepared at my request, in contemplation of litigation and to

assist attorneys acting on behalf of the United States in representing the interests of

the United States in such litigation.


I verify under penalty of perjury, in accordance with 28 U.S.C. Section 1746, that the

foregoing is true and correct.

Executed this 21st day of December, 2000.


Michael M. Rosecrans
Captain, U.S. Coast Guard

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| GENERAL ELECTRIC CAPITAL CORP. | ) | |
| | ) | |
| v. | ) | Case No. 00-370R3 |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

<u>DECLARATION</u>

Commander Frederick W. Tucher, U.S. Coast Guard, hereby declares as follows:

1.      I am the senior military attorney assigned to the Office of Claims and Litigation at Coast
        Guard Headquarters, Washington, D.C.  I have been a Coast Guard officer since 1983 and
        a Coast Guard attorney since 1993.

2.      Attached is a true and correct copy of Chapter 2 of the Coast Guard Claims and Litigation
        Manual (COMDTINST M5890.9), including Changes 1 and 2 entered.  This was the
        version of the Manual that was in effect at the time of the incidents which are the subject
        of the in the above-captioned litigation, and at the time of the investigation of those
        incidents by the Coast Guard Investigative Service.  This Manual was and is effective
        throughout the Coast Guard for tort claims and other incidents likely to result in
        litigation.

I verify under penalty of perjury, in accordance with 28 U.S.C. Section 1746, that the foregoing is true and correct, based upon information and documents officially supplied to me.

Executed this 22nd day of December, 2000.

Frederick W. Tucher
Commander, U.S. Coast Guard



# COAST GUARD CLAIMS AND LITIGATION MANUAL
## COMDTINST M5890.9



NAVAL JUSTICE SCHOOL
360 Elliot Street
Newport, RI 02841-1523

Inst dtd. 3 Mar 93

Case 2:00-cv-00370-CWD    Document 1    Filed 06/21/00    Page 9 of 22

U.S. Department
of Transportation

United States
Coast Guard

U.S. Coast Guard

Washington, DC 20593-0001
Staff Symbol  G-LCL
Phone:  (202) 267-2245

COMDTNOTE 5890

MAR 3 1993

COMMANDANT NOTICE 5890

CANCELLED: SEP 1993

Subj:  CH-2 TO COMDTINST M5890.9, COAST GUARD CLAIMS AND
       LITIGATION MANUAL

1.  <u>PURPOSE</u>.  This Notice publishes changes to Chapters 1, 2, 3,
    5, 6, 7, 8, 9, 10, 11, 14, 15, 16, 17, 18, and to Enclosures
    (1), (2), (4), (10), (11), (12), (14), (15), (16), and (17);
    it also adds a new Chapter 19, as well as new Enclosures
    (18), (19), and (20).

2.  <u>SUMMARY</u>.  Language which has been modified or added is
    indicated by "alternate ribbon" highlighting.  Not every
    change has been noted.  The major changes are summarized as
    follows:

    a.  1-B-3:       Places responsibility for investigations on a
                     "claims arising from the activities of a unit
                     or its personnel" basis, vice the previous
                     geographical basis.

    b.  1-B-5:       Recognizes the role of CCGD2 for processing
                     Personnel Claims.

    c.  1-B-7:       Recognizes the role of the NPFC.

    d.  1-E:         Authorizes the continued use of other
                     military services' published claims guidance
                     where it does not conflict with Coast Guard
                     policy or guidance.

DISTRIBUTION CODE No. 130

| | a | b | c | d | e | f | g | h | i | j | k | l | m | n | o | p | q | r | s | t | u | v | w | x | y | z |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 1 | 1 | 1 | | 1 | 1 | 1 | 1 | 1 | 1 | | | 1 | 1 | 1 | 1 | | | | | | | | | | |
| B | | 8 | 20 | | 12 | 1 | 3 | 3 | | | 3 | 2 | 2 | 1 | 9 | 1 | 1 | 2 | 3 | 1 | 4 | 1 | 1 | 3 | 1 | 1 |
| C | 1 | 1 | 1 | 1 | 1 | 1 | | | | 3 | 1 | 1 | | | 1 | 1 | | 1 | | 1 | | | | | | |
| D | 1 | 1 | 1 | 1 | | | | 1 | | | * | 1 | 1 | | | | 1 | | | 1 | | 1 | 1 | | | 1 |
| E | 1 | | | | | | | | | 1 | 1 | 1 | 1 | | 1 | | | | | 1 | | | | | | |
| F | 1 | 1 | | 1 | | | | | 1 | | 1 | | | | | | | | | | | | | | | |
| G | | | | | | | | | | | | | | | | | | | | | | | | | | |
| H | | | | | | | | | | | | | | | | | | | | | | | | | | |

NON-STANDARD DISTRIBUTION:  See Page 5

CHAPTER 2

INVESTIGATION

A. General.

1. Each incident that results in a claim or is likely to result in a claim shall be promptly investigated and evidence, which may be necessary to prosecute an affirmative claim by the U.S. or defend a claim against the U.S., preserved. A prompt investigation is the most important phase of the claims process. The investigation provides the basis for every step in the administrative settlement of a claim and the preparation for the defense or prosecution of a lawsuit. Without timely and thorough investigation, a settlement authority cannot determine who is liable and to what extent. Promptness is the key. With the passage of time physical appearances change and witnesses may become forgetful, develop a partisan view of the facts, become reluctant to give statements, or become unavailable because they can no longer be located.

2. The sole purpose of a claims investigation is to ascertain the facts needed to properly settle a claim or defend or prosecute a law suit. Evidence should be gathered and recorded without regard to whether or not it may prove adverse or favorable.

3. For any claims investigation, the Administrative Investigations Manual (COMDTINST M5830.1(Series)) will be reviewed for supplemental guidance. The Administrative Investigations Manual mandates the use of the following language:

"This investigation is (appointed) (being conducted and this report is being prepared) in contemplation of litigation and to assist attorneys, acting on behalf of the Chief Counsel, representing interests of the United States in this matter." (See COMDTINST M5830.1, Part 4-A-3-d).

See, particularly, enclosures 10-18 of the Administrative Investigations Manual for check-off lists pertaining to the different types of incidents.

B. Requirements.

1. An investigation is specifically required whenever:

a. A claim is made against the Coast Guard;

b. The Coast Guard is notified of a potential claim;

2-B-1-   c.  An accident or incident involving the Coast Guard
             results in personal injury or death of a civilian
             (other than personal injury to a civilian employee of
             the U.S. sustained while in the performance of duty),
             or in damage, loss, or destruction of property;

         d.  Loss, damage, or destruction of Coast Guard property
             or other U.S. property in the possession of the Coast
             Guard occurs under circumstances that may give rise to
             a claim in favor of the U.S.  (Note, however, that if
             the property is owned by the U.S. and used by a
             different department or agency, the interdepartmental
             waiver concept as developed by the Comptroller General
             may obviate the need for a claim investigations.  The
             cognizant command should discuss the situation with
             the legal officer before initiating a claims
             investigation); or

         e.  Hospital care and treatment is furnished under
             circumstances that may give rise to a claim in favor
             of the U.S. (e.g., a negligent civilian motorist
             injures a Coast Guard member.)

     2.  The scope of the investigation depends upon the extent of
         the damage or injury and is determined by the legal
         officer.

     3.  To the extent possible, investigations required by other
         directives or prepared for other purposes should be used
         or adopted by the Claims Investigating Officer to avoid
         duplication of effort.  If another investigation can be
         used to fulfill the purpose expressed in paragraph 2-A-2,
         a separate claims investigation is not required.  This
         includes investigations prepared by non-Coast Guard
         activities.

C.  Responsibility.

     1.  The commanding officer or officer in charge of the
         military member or civilian employee involved in the
         incident, or in the absence of personnel involvement, the
         commanding officer or officer in charge of the unit on
         which the incident occurred shall investigate the
         incident.  If this results in two or more units having
         investigative responsibility (e.g., an accident involving
         a ship's vehicle occurs on a support center), the next
         higher superior in the chain of command shall determine
         which command shall investigate the incident.  If
         appropriate, a settlement authority may request any other
         federal agency to investigate an incident that has
         resulted or may result in a claim.

2-C-2.  The driver of a government motor vehicle (including a rental
vehicle or privately owned vehicle being used in the
performance of official duties) involved in an accident shall
complete an Operator's Report of Motor Vehicle Accident
(Standard Form 91) and Data Bearing Upon Scope of Employment
of Motor Vehicle Operator (Optional Form 26).  If the
operator is either unavailable or unable to complete this
report, the operator's supervisor shall complete an
Investigative Report of Motor Vehicle Accident (Standard Form
91-A) and Data Bearing Upon Scope of Employment of Motor
Vehicle Operator (Optional Form 26) (see the Motor Vehicle
Manual, COMDTINST M11240.9A).  A copy of the applicable forms
shall be filed at the operator's unit and the original
forwarded to the local settlement authority within 48 hours
of the accident.  (There is also an independent requirement
to provide the General Services Administration with a copy of
the applicable form(s).)

3.  The responsible legal officer supervises each claim
investigation convened by commanding officers, officers in
charge, MLC commanders, District commanders, or Area
commanders within their respective areas of responsibility.
For purposes of this subparagraph the legal officer for
Headquarters units not having a specifically designated legal
officer billet, filled by a law specialist or attorney is
the legal officer for the MLC in which the Headquarters unit
is located.

D.  **Procedure**.

1.  Selection of the individual (Claims Investigating Officer) to
investigate the incident, like the scope of the
investigation, depends upon the claims potential of the
incident.  Ordinarily, a Claims Investigating Officer should
be, at least, a petty officer or an equivalent civilian
employee.  District commanders may designate Auxiliarists to
investigate Auxiliary facility damage claims.

2.  A Claims Investigating Officer's investigation shall have
priority over other collateral duties.

3.  A Claims Investigating Officer gathers facts in an impartial
manner and organizes them into an accurate and concise
format.  This includes:

a.  Gathering all relevant information from any previous
investigation, report, or inquiry into any aspect of the
incident (if another report, investigation, or inquiry is
ongoing, the appropriate settlement authority shall
determine whether and to what extent a separate claims
investigation is required; see paragraph 2-B-3);

CH-2

2-D-3-   b.  Conducting further investigation, if necessary, giving
             emphasis to any phase of the incident which may have a
             bearing on potential claims against, or in favor of, the
             U.S.;

         c.  Obtaining an interview with principal witnesses;

         d.  Obtaining written and signed statements from:

             (1) Claimants or potential claimants; and

             (2) Non-Coast Guard witnesses;

         e.  Obtaining written unsigned statements from Coast Guard
             witnesses;

         f.  Obtaining negative statements (e.g., "I did not see it
             happen.") which can be just as important as positive
             information;

         g.  Inspecting and describing property damage;

         h.  Obtaining photographs, maps, sketches, or diagrams of the
             accident scene and damaged property, as appropriate;

         i.  Obtaining all pertinent repair bills or estimates, or
             medical, hospital, and associated bills as are necessary
             to properly support a claim in favor of the U.S. (Refer
             to Title 33 Code of Federal Regulations §25.115-25.119
             and the legal officer for guidance);

         j.  Recording the name and mailing address of any person who
             expresses a desire to make a claim against the U.S. as a
             result of the incident under investigation (A claim
             should never be solicited. See paragraph 1-D-1.); and

         k.  Advising Coast Guard personnel and civilian employees
             involved that they shall consult the nearest legal
             officer before making a requested written or oral
             statement or volunteering information in any form to
             third parties or persons representing third parties
             involved in the incident.

    4.  A Claims Investigating Officer gathers facts and need not
        produce opinions or recommendations. If a claims
        investigation is combined with an investigation required by
        another directive, any requirement for opinions or
        recommendations contained in the other directive remains in
        effect. Since issues of legal negligence and liability
        are matters for resolution by settlement authorities and
        courts, Claims Investigating Officers shall not include

CH-2

2-D-4-    (cont'd) their personal opinions concerning these matters
in their reports but should concentrate their efforts on
describing accurately those facts and circumstances that
may give rise to a claim against the Government.

2-E.  Report.

1.  A Claims Investigating Officer shall prepare a written
report of the investigation identifying the persons,
places, and things involved and describing what occurred.
The format, length, and formality of the report depend
upon the complexity of the incident and the scope of the
investigation. The preliminary statement or opening
paragraph shall clearly state that the investigation is
prepared in contemplation of litigation or adjudication of
a claim. The Administrative Investigations Manual
(COMDTINST M5830.1(Series) Part 4-A-3-d) requires that the
use of the following sentence:

"This investigation is (appointed) (being conducted
and this report is being prepared) in contemplation of
litigation and to assist attorneys, acting on behalf
of the Chief Counsel, representing interests of the
United States in this matter."

2.  Specific facts contained in statements or regularly kept
records or reports included with the report of the
investigation need not be repeated in the report unless
necessary to make the report understandable (e.g., if a
corroborated or uncontradicted statement of a witness
aptly describes a sequence of events, the Claims
Investigating Officer need not separately describe this
sequence of events as findings of fact.) The report shall
include the following whenever applicable:

a.  Identification of all persons involved in the
incident, including each person's name, and for a
member of the armed forces their social security
number;

b.  Description of all U.S. property involved and the
nature and amount of damage supported by itemized
repair bill(s) or estimate(s);

c.  Description of all privately owned property involved
and the nature and amount of the damage or loss;

d.  Time, date, and exact place of the incident,
specifying for motor vehicle incidents the
intersection or position along a street or highway
with relation to an existing landmark (e.g., block
number along a street or mileage from specific point
on the ramp of a controlled access highway);

2-E-2-

    e.  Weather and visibility conditions and how they were determined;

    f.  Nature and extent of personal injury sustained by Coast Guard personnel and the cost of these injuries to the U.S. to date;

    g.  Nature and extent of personal injury sustained by persons other than Coast Guard personnel and civilian employees together with any information as to the degree of permanent disability, prognosis, period of hospitalization, name and address of attending physician and hospital, and amount of medical, hospital and burial expenses actually incurred; and

    h.  If the incident involved a government vehicle:

        (1) Organization to which the government vehicle was assigned;

        (2) Purpose for which the vehicle was being used;

        (3) Place of origin and destination of the government vehicle and the geographic relationship of the scene of the incident to the designated and authorized route;

        (4) Age and operating experience of any operator involved; the experience information should distinguish between overall experience and experience in the particular type of vehicle involved in the incident; and

        (5)  ⁊ conditions placed on an individual's ability operate a vehicle (e.g., corrective lenses, ·pe of vehicle, medication);

    i.  Whe: .er any arrests were made or charges preferred as a cc ·sequence of the incident, and the result of those actions;

    j.  Any evidence indicating that a person involved in the incident was under the influence of liquor or drugs;

    k.  If there is a likelihood of a claim in favor of the U.S., whether the other party is insured, the name and address of the insurance company. and the policy number;

2-E-2-    1.  If it is possible that the incident was caused by the
              failure of a manufactured product to serve the purpose
              or use for which it was intended, identify the product
              (serial number, lot number, or other available
              identification; name and address of the manufacturer;
              date, place, and source of acquisition by the Coast
              Guard) and chain of possession and nature and extent
              of maintenance after acquisition by the Coast Guard;

          m.  Any pertinent reports, investigations, or inquiries
              prepared by the Coast Guard or any other entity (e.g.,
              local police report), identified in a manner
              facilitating later retrieval of the document;

          n.  The location of real evidence that cannot be enclosed
              with the report due to size, shape, weight, or other
              reason;

          o.  Date of receipt of any claim resulting from the
              incident, identity of the claimant, and amount of the
              claim; and

          p.  A chronological, which may be in narrative form,
              listing specific findings of facts. Each finding is
              to be followed parenthetically by reference to an
              enclosed report, statement, photograph, or real
              evidence, whether enclosed or not, that supports the
              finding.

      3.  A Claims Investigating Officer shall prepare each
          enclosure to a report as follows:

          a.  Witness statements shall include or have attached to
              them the date on which the statement was given, the
              witness' surname, first name, middle initial, if any,
              permanent mailing address (also, residence address if
              the mailing address is other than a residence),
              employer's address or other means by which the witness
              can most likely be located at a date 2 years after the
              incident occurs; rank and social security number for a
              member of the armed forces;

          b.  Witness location in relation to the scene of the
              incident and activity at the time of the incident
              shall be described, if not contained in the witness
              statement;

          c.  Photographs and diagrams shall include or have
              attached to them the photographer's or drawer's first
              name, middle initial and surname, a short description
              of the scene it represents, the time and date the
              picture was taken or diagram drawn, and the location
              of the negative, if any;

                                  2-7                        CH-1

    d. Copies of any significant photograph, chart, map,
       sketch, or diagram shall be made, if possible, and
       labeled or annotated appropriately to aid the
       settlement authority's review of the investigation;

    e. Copies of other reports, investigations, and inquiries
       shall include the storage location of the originals
       before being shipped to the Federal Records Center; and

    f. Each enclosure shall be attached to a standard size
       sheet of paper if the enclosure is less than
       three-quarters of the standard size.

4. A Claims Investigating Officer shall submit the report to
   the commanding officer or officer in charge as promptly as
   circumstances permit. Generally, this should be within
   fifteen working days of the incident. The report should
   not be delayed awaiting nonessential documents (e.g.,
   bills or stable prognosis in cases involving extended
   hospitalization); however, the probable existence of such
   items shall be listed and the missing items submitted with
   a supplementary report.

5. The commanding officer or officer in charge shall review
   the report for completeness and forward it to the local
   settlement authority via the chain of command. No comment
   by the commanding officer, officer in charge, or
   intermediate commands is required. However, if a claims
   investigation is combined with an investigation required
   by another directive, any comment requirement contained in
   the other directive remains in effect.