

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION | * * * | CIVIL ACTION |
| | * | NO. 00-370 |
| VERSUS | * * | SECTION "J" |
| THE UNITED STATES OF AMERICA THROUGH THE UNITED STATES COAST GUARD | * * * * | MAGISTRATE "4" |
| * * * * * * * * * * * * * * | * | |

### OPPOSITION MEMORANDUM TO DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT**, plaintiff, General Electric Capital Corporation ("GECC"), submits this Memorandum in Opposition to defendant's, the United States, through the United States Coast Guard (the "Coast Guard"), Motion to Dismiss and/or for Summary Judgment.

GECC filed this action seeking recovery for damages resulting from the negligent indexing and maintenance of the Ship Mortgage records as kept by the United States Coast Guard. In preparation for the financing of a loan to Arnoult Equipment & Construction, Inc. ("AEC"), GECC requested title abstracts from the Coast Guard pertaining to the M/V ENERGY VII and the M/V JANE R. (the "Original ENERGY VII Abstract" and the

"Original JANE R. Abstract). Because of the negligence of the Coast Guard in maintaining the Ship Mortgage records as they pertain to these vessels, GECC has incurred serious financial loss. All of the damages sustained by GECC are the result of negligent actions of the Coast Guard employees.

## I.   THE FACTS

### The ENERGY VII

The Coast Guard, in its Memorandum In Support of Motion To Dismiss And/Or For Summary Judgment, has misstated the facts of this case as they pertain to the M/V ENERGY VII. The mortgage in favor of WRT Energy Corporation ("WRT") on the ENERGY VII ("WRT Mortgage No. 1") was not terminated for non-compliance with the requirements of 46 C.F.R. 67.233(a)(1). The Coast Guard has never provided a reason for the termination and subsequent reinstatement of the WRT Mortgage No. 1. The Coast Guard simply forwarded a letter to undersigned counsel explaining that the WRT Mortgage No. 1 was "indexed incorrectly as terminated." (See Memorandum in Support of Motion for Summary Judgment filed on behalf of GECC and hereinafter referred to as GECC Memo., p. 3.)[1] This letter constitutes an admission by the Coast Guard that its employees acted improperly. The Coast Guard also incorrectly states that the validity of the WRT Mortgage No. 1 was never adjudicated. (Coast Guard brief p. 7.) In fact, cross motions for summary judgment were filed and decided by the district court.

---

[1]   The letter from the Coast Guard in referencing its indexing errors is attached to GECC's Motion for Partial Summary Judgment as Exhibit "C(2)."

2

## The JANE R.

The Coast Guard states that the WRT mortgage on the JANE R. ("WRT Mortgage No. 2") was invalid.[2] However, based on this single fact, the Coast Guard draws the insupportable conclusion that GECC's claim relating to the JANE R. must be dismissed. The Coast Guard misapprehends GECC's claim. In this instance, the Coast Guard accepted the WRT Mortgage No. 2 for recordation despite its acknowledgement that this ship mortgage was granted by a party who was not the owner of the JANE R., a direct violation of the Ship Mortgage Act. Thereafter, the Coast Guard apparently concluded that it had no choice but to index the WRT Mortgage No. 2 of record since it had been improperly accepted for recordation by the Coast Guard.

GECC's suit is not a claim for negligent misrepresentation. Rather, GECC is seeking to recover for damages it sustained as a result of the negligent acts of Coast Guard personnel. Because the WRT Mortgage No. 2 was invalid, it should have never been recorded. However, as indicated by GECC's Complaint, the Coast Guard accepted, recorded, terminated and retroactively re-indexed a mortgage granted by a party that never owned the JANE R. These negligent acts directly caused GECC's loss — the cost of time consuming and expensive litigation GECC incurred in defending its preferred mortgage interest in the JANE R. and in getting the federal district court to invalidate the WRT Mortgage No. 2 that had been erroneously indexed by the Coast Guard.

---

[2]   GECC does not disagree. However, GECC was required to have an adjudication of its position by Judge Porteous (via a summary judgment motion) in order to validate the ranking and priority of the GECC Mortgage vis-à-vis the improperly indexed WRT Mortgage

II. **LAW AND ARGUMENT**

The abstracts issued to GECC pertaining to the ENERGY VII and the JANE R. did not misrepresent anything. These abstracts accurately reflected the Ship Mortgage records as maintained by the Coast Guard employees at the time of their issuance. If the WRT Mortgage No. 1 and WRT Mortgage No. 2 had been indexed properly in accordance with the Ship Mortgage Act, the ENERGY VII and JANE R. Abstracts would have reflected these preexisting mortgages. Furthermore, none of the abstracts/communications issued by the Coast Guard to GECC caused GECC to sustain damages. The losses incurred by GECC resulted when the Coast Guard retroactively re-indexed one mortgage that had previously been terminated and another mortgage submitted by a party that did not even own the vessels subject to that mortgage. GECC's damages are directly traceable to these indexing errors-- **affirmative actions**-- on the part of Coast Guard employees. The Coast Guard is liable to GECC for all damages resulting from its negligent or wrongful acts.

    A.) **The "negligent misrepresentation" exception to the Federal Tort Claims Act ("FTCA") is not applicable to GECC's claim.**

The Coast Guard's motion to dismiss and/or for summary judgment is based, almost in its entirety, upon the negligent misrepresentation exception to the FTCA. For this reason, the Coast Guard's motion must be dismissed because GECC's cause of action is based on conduct and not the communication of information—faulty or otherwise. Therefore, GECC's cause of action does not fall within the "misrepresentation" exception to the FTCA. The Coast Guard itself alleges that the facts as stated in GECC's Complaint do not support a claim of misrepresentation. This allegation is entirely accurate. GECC's claim is a suit for damages based on negligent acts of the Coast Guard employees rather than "negligent misrepresentations." GECC has a valid cause of action under the FTCA.

4

As pointed out by the Coast Guard in its own memorandum, the United States Supreme Court refused to apply the "negligent misrepresentation" exception in *Block v. Neal*. The Court in *Neal* held that the "negligent misrepresentation" exception was inapplicable because, "the Government's misstatements are not essential to plaintiff's negligence claims." 460 U.S. 289, 297, 103 S.Ct. 1089, 1094 (1983).

To explain its decision in *Neal*, the Court carefully described why *United States v. Neustadt*, 366 U.S. 696, 81 S.Ct. 1294 (1961) did not apply to the situation then before the Court. In *Neustadt*, the plaintiff "alleged no injury that he would have suffered independently of his reliance on the *erroneous* appraisal." *Id.* at 1093. Therefore, the plaintiff's claim in *Neustadt* was barred by the "negligent misrepresentation" exception because "the basis of his negligence claim was in essence a negligent misrepresentation." *Id.* In contrast, the plaintiff's claim in *Neal* was based upon the "negligence by FmHA officials in failing to supervise the construction of her house." *Id.* The Court, in *Neal*, ultimately held:

> Although FmHA in this case may have undertaken to both supervise and to provide Neal with information regarding the progress of construction, Neal's action is based solely on the former conduct.

*Id.*, at 1094-95. As in *Neal*, GECC's claims are not based upon any misrepresentations made by the Coast Guard. GECC's cause of action is based upon its misconduct. The operative conduct in this case was the negligent indexing of the WRT Mortgage No. 1 and WRT Mortgage No. 2.

The Coast Guard, in the performance of its functions mandated by 46 C.F.R. §67.200 *et seq.*, committed several independent acts of negligence with respect to the indexing of the WRT Mortgages. These actions directly caused the losses sustained by

5

GECC and were **not** performed in conjunction with the issuance of abstracts of title to GECC. The negligence of the Coast Guard in this matter includes, at a minimum, the following improper acts on its part: (i) the act of terminating the WRT Mortgage No. 1 on the ENERGY VII;[3] (ii) the act of retroactively re-indexing the WRT Mortgage No. 1; (iii) the act of accepting for recordation the WRT Mortgage No. 2 which had been granted by a party that did not own the JANE R.[4]; and (iv) the act of retroactively re-instating and re-indexing the WRT Mortgage No. 2. None of these acts was temporally or causally related to the issuance of the Original ENERGY VII and JANE R. Abstracts. These negligent acts, not the issuance of the abstracts of title, caused GECC's damages.

Courts, construing the "negligent misrepresentation" exception to the FTCA, closely scrutinize the facts of each case in order to determine whether a plaintiff's claim is based upon inaccurate communication or negligent conduct. Recent federal court opinions illustrate acts of conduct for which the government may be held liable under the FTCA. These cases distinguish actionable negligent conduct from those claims based on misrepresentations, and thus barred by the "negligent misrepresentation" exception.

In *Vogelaar v. U.S.*, the court refused to apply the "misrepresentation" exception to a plaintiff's FTCA claim. 665 F.Supp. 1295 (E.D. Mich. 1987). The plaintiff's claim in *Vogelaar* was based on the failure of the defendant, the United States through the Department of the Navy, to timely identify the remains of her son who was killed in

---

[3]   As stated previously, the WRT Mortgage No. 1 was not terminated for non-compliance with 46 C.F.R. §67.233. No explanation for the termination of this mortgage, other than the letter acknowledging that this mortgage was in fact *incorrectly* terminated, has been provided by the Coast Guard.

[4]   The WRT Mortgage No. 2 was submitted by AEC/Energy Marine, Inc., a corporation separate and distinct from the owner of the JANE R., AEC Corp.

Vietnam. The court found that this plaintiff's claims were based upon acts of conduct rather than misrepresentation:

> [E]ven if plaintiff sought relief for injury to a financial interest, her claim would not be precluded because it does not depend on a misrepresentation, but on the alleged "negligent performance of an operational task."

*Id.*, at 1305. The court continued:

> While the Army surely made misstatements to plaintiff during the course of this unfortunate saga, her claim does not depend upon them. The government may be liable under the FTCA for negligently performing operational tasks even if misrepresentations are "collaterally involved." The misrepresentation exclusion "does not bar negligence actions which focus not on the Government's failure to use due care in communicating information, but rather on the Government's breach of a different duty."

*Id.* (Citations omitted.) *Vogelaar*, like *Neal*, is analogous to the instant matter because the acts of negligence and communication are not directly related, as they were in *Neustadt*.

This reasoning has recently been applied in the Fifth Circuit. The Fifth Circuit considered an FTCA claim and the applicability of the "misrepresentation exception" in *Metropolitan Life Ins. Co. v. Atkins*, 225 F.3d 510 (5th Cir. 2000). In *Atkins*, the plaintiff filed an FTCA negligence action against the United States alleging "that a federal personnel clerk breached her duty by failing to secure and retain in her files a signed original [insurance] beneficiary form." *Id.*, at 512. This failure resulted in a loss of proceeds to the intended life insurance beneficiary of a deceased federal employee. The district court dismissed Atkins's claim finding "that the transmission of misinformation was a necessary link in the chain of causation between the alleged causation and the injury." *Id.*

The district court determined that the government's actions were only an "integral component" of the plaintiff, and therefore barred by the "misrepresentation exception.

Despite its determination that the plaintiff's claim fell within the exception, the district court did find that:

> The crux of Atkins's third party claim was that the United States, through its employees, negligently failed to discover that [the deceased] had not signed his name in the designated block on the copy of the beneficiary form and negligently filed the unsigned form rather than a properly signed copy, with the result that [the deceased's] intended designation of Christina La Vena Atkins as his intended beneficiary was ineffective.

*Id.* The Fifth Circuit disagreed with the district court's treatment of its findings and reversed holding:

> We understand Atkins's claims as alleging that the United States employee failed to preserve and properly file the correct copy - that is, the signed copy - of Tyler's form. We conclude that because the negligent performance of an operational task allegedly caused the harm, the negligent misrepresentation exception to the FTCA's waiver of sovereign immunity does not apply.

*Atkins, Id.*, at 513. The court also explained that:

> To determine whether the instant negligence claim arises out of misrepresentation, we consider whether the focal point of the claim is negligence in the communication of (or failure to communicate) information or negligence in the performance of an operational task, with misrepresentation being merely collateral to such performance.

*Id.*, at 512. The "focal point" of GECC's claim, like Atkins's, is based on the Coast Guard's conduct, not its communications to GECC.

In some cases, the distinction between reliance on "negligent misrepresentations" and "negligence in the performance" of operational tasks is not clear. The Ninth Circuit distinguished these concepts in *Mundy v. U.S.*, 983 F.2d 950 (9th Cir. 1993).

The court, in *Mundy*, found that the plaintiff's negligence claim against the government arose from the performance of an operational task—the processing of a requested security clearance—rather than the communication of information. *Id.*, at 952.

8

To explain the reason for its holding, the *Mundy* court distinguished another FTCA case, *Alexander v. United States*, 787 F.2d 1349 (9th Cir. 1986),

In *Alexander*, the FBI sent the plaintiff's "rap sheet" to his employer, pursuant to a criminal records check. This rap sheet contained arrests that should not have been included. The court had ordered these arrests sealed. The rap sheet resulted in termination of the plaintiff's employment. *Mundy*, *Id.*, at 952-53. Alexander then sued the government alleging negligence under the FTCA. His claim was denied because it fell within the "negligent misrepresentation" exception.

The *Mundy* court explained that this act fell within the negligent" misrepresentation" exception:

> *Alexander* is distinguishable because the government's communication in that case—a true misrepresentation upon which the recipient relied—formed the basis of the claim. Here, in contrast—the accurate conveyance of the results of the security clearance processing—was only collaterally involved; the heart of Mundy's claim lies in the processing errors and the failure to discover the misfiling.

*Id.* In *Alexander*, the communication of information and the cause of the harm sustained were one and the same. In addition, the communication sent to Alexander's employer contained "incorrect" or "inadequate" information. However, the criminal records, which served as the basis for the communication, were accurately maintained. The "misrepresentation" exception properly applied to the claim in *Alexander* because the plaintiff's claim rested solely on the communication of faulty communication.

GECC's claim against the Coast Guard is analogous to the claim in *Mundy*, where the loss occurred due to the negligent performance of the security clearance. The court in *Mundy* observed:

9

> Although the Government necessarily communicated the result of [the security clearance request] to Northrop, the communication was not a misrepresentation: the security clearance had in fact been denied. Viewed in this way, the communication was only "collaterally involved" in Mundy's injury. The Government's alleged operational error—overlooking a misfiling in processing Mundy's security clearance—remains the focal point of this suit.

*Mundy, Id.*, at 952.

The negligent indexing of the WRT Mortgages by the Coast Guard is at "the heart" of GECC's claim. The communication of information is only collaterally involved. If the Coast Guard had properly indexed the WRT Mortgages and merely given an erroneous title abstract to GECC, then perhaps the "misrepresentation" exception might apply because in such a case the negligent communication would be the sole cause of injury. This is not what happened. In this case, as the government employee did in *Mundy*, the Coast Guard conveyed accurate information according what had been indexed in the mortgage records. GECC suffered harm when one previously terminated mortgage and another "invalid" mortgage were retroactively reinstated. It was the negligent or wrongful indexing of the WRT Mortgages that caused GECC's loss.

The Fifth Circuit cited *Mundy* with approval when it decided *Saraw Partnership v. United States*, 67 F.3d 567 (5th Cir. 1995), and overruled a lower court's application of the "misrepresentation" exception. This case concerned the alleged mishandling of a Veteran's Administration (the "VA") loan. An employee of the VA committed a clerical error and failed to submit loan payment coupons to the plaintiff. This error resulted in foreclosure on the plaintiff's property. The magistrate judge dismissed Saraw's FTCA claim based on this error stating:

> Although the chain of events in this case may have started with a mistake in key-punching an address on a computer data sheet, the damages asserted in

this case were caused by the government allegedly failing to communicate to the plaintiff that there was a problem with its loan payments.

*Id.*, at 569-70. The Fifth Circuit, citing the Ninth Circuit's reasoning in *Mundy*, reversed:

> The court below correctly cited *Mundy* but incorrectly applied it to the facts of this case...The erroneous keypunch for Loan #28541 was the causa sine qua non for all the problems that followed. This case is not about reliance on faulty information or on the lack of proper information; rather, the gist of this case is the government's careless handling of Saraw's loan payments. As in *Mundy*, any lack of communication on the government's part seems collateral to the fact of the mishandling of Saraw's payments. The court erroneously characterized Saraw's claim as one under misrepresentation. *The proper focal point of this suit is the alleged negligently-performed operational task of the government.* Thus, Saraw should be allowed to bring an action under FTCA.

*Saraw, Id.* at 570-71. (Emphasis ours.) The conduct of the government in *Saraw* is analogous to that of the Coast Guard in the instant case.

The Coast Guard cited several "misrepresentation" cases in its memorandum. However, none of these relied on by the Coast Guard are applicable to this matter because, as the Coast Guard points out, the claims in each case was for the tort of misrepresentation:

> [C]laims based on misrepresentations as to the value of housing, *Neustadt*, 366 U.S. 709-10; misstatements regarding the amounts necessary to bring a loan balance current, *Terrill Manor Associates v. HUD*, 496 F.Supp. 1118 (D.N.J. 1980); inaccurate estimates of the oil-producing capacity of land, *Jones v. United States*, 207 F.2d 563 (2nd Cir. 1953), and of its suitability, *Smith v. United States*, 333 F.2d 70 (10th Cir. 1964); misrepresentation that an agency would abide by its regulations in awarding contracts, *Scanwell Laboratories, Inc. v. United States*, 521 F.2d 941 (D.C. Cir. 1975); misstated import restrictions, *Cargill, Inc. v. United States*, 426 F.Supp. 127 (D. Minn. 1976); misdiagnosis of disease in livestock, *Hall v. United States*, 274 F.2d 69 (10th Cir. 1959), *Rey v. United States*, 484 F.2d 45; and salary misinformation conveyed by a job recruiter, *Krejci v. U.S. Army*, 733 F.2d 1278 (7th Cir. 1984).

(Coast Guard brief p. 10.) In each of these cases, the claims of the plaintiffs were based upon the communication of information, and the information itself resulted in the damage sustained.

11

The Coast Guard also cites *JM Mechanical Corp. v. United States*, 716 F.2d 190, 195 n.1. Apparently, the Coast Guard did not read all of this footnote, which makes the distinction between claims barred by the "misrepresentation" exception and actionable claims based on negligent conduct. The pertinent section of this footnote reads:

> [I]t is plain that claims (1) and (3) are misrepresentation claims which cannot be brought under the `. Claim (1) is a straightforward misrepresentation claim. Claim (3) is a claim that HUD, by its silence, in effect misrepresented to JM that the HUD financed Corinthian Towers project would be bonded. Claims (2) and (4), however, *are not misrepresentation claims* under the rationale of *Block v. Neal*. Both claims involve allegations that HUD had a duty and negligently performed that duty. Consequently, we deal only with claims (2) and (4) in this opinion.

*Id.* (Emphasis ours.) (Citations omitted.) Therefore, the court found that "JM has made a valid claim under the FTCA. While that claim may fail at trial, JM has, under the principles enunciated in *Block v. Neal*, put forth a claim that is not barred." *Id.*, at 195.

The negligent performance of the Coast Guard's duties under the Ship Mortgage Act caused GECC's loss. The abstracts issued to GECC did not misrepresent the contents of the Ship Mortgage records, and contained only "correct" information. This information was an accurate reflection of what the mortgage records, maintained by the Coast Guard, contained.

Most importantly, GECC's damages did not result from the issuance of title abstracts, but rather from the retroactive reinstatement of the WRT Mortgages. The negligent indexing of the WRT Mortgages caused the damages sustained by GECC. Had the Coast Guard properly performed its duties, GECC would not have been forced to defend its mortgage interests to the vessels at issue. The United States, pursuant to the FTCA, is responsible for the negligent or wrongful acts of the Coast Guard.

### B.) State law provides the basis for the liability of the Coast Guard in this matter.

The Coast Guard further distorts the issues in this case when it states, in its memorandum, that GECC's Complaint "rests upon the alleged violation of statutes pertaining to the recording of mortgages." According to 28 U.S.C. §1346(b) of the FTCA, the United States is liable:

> [F]or money damages . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant under the law of the place where the act or omission occurred.

Therefore, a violation of the Coast Guard employees' duty to properly record and index instruments presented for recordation, in accordance with the provisions of 46 C.F.R. §67.200 *et seq.*, is actionable under §1346(b) of the FTCA if the violation amounts to conduct actionable "under the law of the place where the act or omission occurred"—i.e. Louisiana law.

The Coast Guard employees were negligent in the performance of their duty to index and maintain Ship Mortgage records properly. As stated above, the Coast Guard admitted these errors in the letter addressed to undersigned counsel. The Coast Guard once again admitted that it acted improperly when it answered interrogatories propounded by GECC. (See GECC Memo., p. 8.)[5] These acts of negligence would afford GECC a cause of action under Louisiana law against the Coast Guard for the negligence of its employees, if the Coast Guard were a "private person."

"The law is well settled that the standard of government liability under the Federal Tort Claims Act is, with respect to both military and civilian employees, that imposed by

---

[5] The Coast Guard's responses to GECC's Interrogatories are attached to GECC's Memorandum in Support of Motion for Summary Judgment as Exhibit "D."

the respondeat superior doctrine of the place where the act or omission occurred." *Witt v. United States*, 319 F.2d 704 (9th Cir. 1963). Under Louisiana law, "[m]asters and employers are answerable for the damage caused by their servants and overseers, in the exercise of the functions in which they are employed." La. Civ. Code art. 2320.

In addition, the Coast Guard's liability in this case is akin to the liability imposed upon the register of mortgages and the parish recorders of mortgages are liable pursuant to La. R.S. §9:5214 for injuries sustained as a result of the negligent performance of their duties.

Finally, mortgages on vessels filed in accordance with the Louisiana Ship Mortgage Law, La. R.S. §9:5521 *et seq.*, are filed "in the office of the recorder of mortgages..." La. R.S. §9:5527. The liability of the register of mortgages and/or parish recorders of mortgages for negligent performance of their duties in connection with the Louisiana Ship Mortgage Law is also covered by La. R.S. §9:5214.

## CONCLUSION

The Coast Guard is liable to GECC for all damages caused by the negligent actions of its employees. Because GECC's cause of action arises out of actions of the Coast Guard employees, GECC's claim is properly stated under the FTCA. Likewise, because this is not a claim based upon inadequate or faulty information but rather the negligent conduct of Coast Guard employees' performance of their duties, GECC's claim is not barred by the "negligent misrepresentation" exception to the FTCA.

The Coast Guard's motion to dismiss and/or for summary judgment is based upon a misconception of the facts of this case, and upon an exception to the FTCA that is not applicable. Because GECC properly stated a claim against the Coast Guard based upon

negligent actions that are actionable under state law, the Coast Guard's motion to dismiss and/or for summary judgment must be denied.

Respectfully submitted,

OF COUNSEL:

KING, LEBLANC & BLAND, L.L.P.

_____
HENRY A. KING, T.A. (#7393)
MICHAEL L. VINCENZO (#23965)
201 St. Charles Avenue, Suite 3800
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Telefax:    (504) 582-1233

Attorneys for General Electric Capital Corporation

S:\1129\018\PLDGS\OPPOSITION.DOC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Opposition Memorandum to Defendant's Motion to Dismiss and/or for Summary Judgment pleading has been served upon all counsel of record either by facsimile, by hand delivery or by depositing same in the United States mail on this 9th day of January, 2001.

*Henry A King*

S:\1129\018\PLDGS\OPPOSITION.DOC