FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN 24 AM 10: 24

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 00-0370 |
| v. | ) ) ) | SECTION "J" |
| UNITED STATES OF AMERICA through THE UNITED STATES COAST GUARD, | ) ) ) ) | MAGISTRATE "4" |
| Defendant. | ) ) | |

### DEFENDANT'S RESPONSE TO SUPPLEMENTAL AND REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY

Plaintiff has filed a Supplemental and Reply Memorandum in Support of Motion to Compel Discovery, relating to Plaintiff's Motion to Compel production of the Coast Guard Investigative Report. The Magistrate Judge has received a complete copy of the Report for <u>in camera</u> review.

As the Court can see from inspection of the Report, as well as the attachments to Defendant's Memorandum in Opposition, the purpose of the Report was well spelled out at the time it was both requested and prepared; namely, it was done for claims investigation and litigation purposes pursuant to Chapter 2 of the Claims and Litigation Manual; no other purpose or "directive" is referred to.

The "final report" in this case consists of both a "Report of Investigation" page and 14 pages of attachments, followed by exhibits. The statement concerning the purpose of the investigation ("in contemplation of litigation") was placed at the top of the first page of

attachments, just before the first "Interview of Witness". The statement appears to be at the top of a "blank page" in Exhibit 5 to the Memorandum in Opposition, only because the rest of the page, and indeed the rest of the report, was redacted. The Court has received an unredacted copy of the entire report for in camera review.

Plaintiff has argued that, even if the Report is work product, it must be produced under the "good cause" standard of Southern Railway Co. v. Lanham, 403 F.2d 119 (5th Cir. 1969). The "good cause" standard referred to is the "good cause" standard formerly contained in Fed. R. Civ. P. 34, prior to the 1970 amendments. The amendments eliminated the "good cause" requirement and replaced it by the more specific "substantial need" requirement for work product under Rule 26. Thus, the standard set forth in Lanham is no longer relevant. See, Cristofani v. Bd. of Administrators of the Tulane Educ. Fund, 1996 WL 715524 (E.D.La. 1996).

Plaintiff has cited three cases in support of its argument for disclosure. One, Lanham, preceded the 1970 amendments. The other two were after the 1970 amendments. However, all three cases have common elements which are not present in the instant matter. First, all three of those cases involved witness statements. The instant investigation contains no statements, but rather interviews of witnesses, which were not in any way adopted by the witnesses. There are thus no statements which might conceivably be used for impeachment.

Second, in all of the cases, the court placed great emphasis on the fact that the statements were taken very shortly after the incident, and thus provided an almost-contemporaneous account which could not be duplicated months or years after the incident. For example, in Lanham, statements were taken three days after the accident. Such statements "provide an immediate impression of the facts that cannot be recreated or duplicated by a deposition that relies upon

memory. . . ." Id., 403 F.2d at 128. The court spoke of the "unique value of statements taken from witnesses <u>shortly after the accident</u>," id. at 130, because they provide "an immediate impression of the facts," id. at 131.

Similarly, in <u>Trico Marine Assets, Inc. v. Alpha Marine Service</u>, 1999 WL 694103 (E.D. La. 1999), also cited by plaintiff, written statements were taken three days after the collision, and included, <u>inter alia</u>, observations of a watertight door that was no longer available for inspection. And in <u>Holton v. S & W Marine, Inc.</u>, 2000 WL 1693667 (E.D. La. 2000), written statements were taken in late December and early January from a December 7, 1999 accident, and even then the magistrate judge ruled that the witness should first be deposed "without reviewing his statement" and that the statement should only then be produced. (The court was asked to review this ruling, apparently after the deposition had taken place, and affirmed it.)

In <u>Hamilton .v. Canal Barge Co.</u>, 395 F.Supp. 975 (E.D.La. 1974), a case relied upon in the <u>Trico</u> and <u>Holton</u> decisions, the court referred to Wright, <u>Federal Courts</u>, and psychological authorities which demonstrated the fact that a lapse of time might create a justification for the production of statements. However, the court noted:

> But they support the argument only to a limited extent, and it is important to note the limits. All of these authorities indicate that the sharpest drop in a witness' ability to recall a scene or an event occurs shortly after he witnesses it–<u>certainly within a day or two</u>. . . .Thus a statement taken a week after an accident may be much less accurate than one taken a few hours after the accident, but virtually as valuable as one taken a month afterwards. . . .
> It is important to note. . .that mere lapse of time should normally be enough to require production only of statements given at almost the same time as the accident. . . .

Id. at 977-8 [Emphasis supplied].

-3-

As stated in defendant's opposition memorandum, the interviews of witnesses under discussion (not statements) were performed several <u>years</u> after the relevant incidents. There is no indication that the interviews of these witnesses were in any way contemporaneous, or dealt with observations of evidence that is no longer available. Thus, plaintiff, who, during the pendency of this litigation has not taken the depositions of <u>any</u> witnesses, cannot show the requisite need for defendant to produce its work product in this case.[1]

Dated: January 23, 2001.

          Respectfully submitted,

          STUART E. SCHIFFER
          Acting Assistant Attorney General

          EDDIE J. JORDAN, JR.
          United States Attorney

          STEVENS E. MOORE
          Assistant U.S. Attorney

          _____
          DAMON C. MILLER, Trial Attorney
          U.S. Department of Justice
          Torts Branch, Civil Division
          P.O. Box 14271
          Washington, D.C. 20044-4271
          Telephone: (202) 616-4047
          Attorneys for Defendant
          United States of America

---

[1] Plaintiff complains that it was denied the opportunity to take depositions from the Coast Guard in prior litigation between plaintiff and another private party. However, the provisions relating to such testimony provide that "only one form (of testimony), <u>the one least burdensome to the Department</u> that will provide the needed information, will be permitted for each witness," 49 C.F.R. § 9.15(a). Thus, the Coast Guard was within its discretion, and was indeed required, to determine the least burdensome method of discovery. There is no indication that plaintiff ever pursued the Coast Guard's offer to respond to written interrogatories, one of the forms of testimony permitted by the regulation.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Response to Supplemental and Reply Memorandum was telefaxed and mailed on this the 23 day of January, 2001 to the following counsel of record:

>Henry A. King, Esq.
>Michael L. Vincenzo, Esq.
>King, LeBlanc & Bland, L.L.P.
>201 St. Charles Avenue, Suite 3800
>New Orleans, LA 70170

DAMON C. MILLER